## Davis v. T. H. Hudson and Adam Hudson.

(Decided May 9, 1922.)

### Appeal from Breathitt Circuit Court.

1. Sheriffs and Constables—Levy and Sale Under Process.—At common law a sheriff into whose hands was delivered an execution for levy and collection, and who levied the same, was entitled to make the sale and do all other things required by the process, and no other officer, except the one into whose hands it was

first delivered, or his deputy, could lawfully perform any of the duties conferred by the process, even if he had passed out of office.

2. Sheriffs and Constables—Sale Under Execution Directed to Another Officer.—The common law rule requiring an officer into whose hands an execution is placed, to execute it in full and forbidding any part of the duties under said process to be performed by another, has been changed by statute, section 4575, and where the execution has been levied the writ of venditioni exponas thereafter issued, directing a sale of the property, may be directed to another officer and executed by him.

3. Sheriffs and Constables—Fees Under Process.—The provisions of section 4575, Kentucky Statutes, with reference to the payment of fees to the sheriff in whose hands the execution was first placed before such process is withdrawn from his possession and delivered to another officer, refers only to the rights of the officer to his fees under the process, and does not affect the validity of the execution and return of said process by another officer into whose hands it is delivered by the execution plaintiff for that purpose.

McGUIRE & McGUIRE for appellant.

O. H. POLLARD for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Previous to July, 1914, appellee, T. H. Hudson, had defaulted as sheriff of Breathitt county, and on July 31st of that year judgment was entered against him and his several sureties, including Adam Hudson and J. M. E. Davis, on his official bond for several thousand dollars. Execution was issued upon the judgment against the property of principal T. H. Hudson and all of the sureties on the bond, including Adam Hudson and J. M. E. Davis, which execution was by Mat Spencer, then sheriff of Breathitt county, duly levied upon various tracts of real property, among them being three or four lots belonging to T. H. Hudson in the city of Jackson, and one lot belonging to Adam Hudson adjoining those levied on as the property of T. H. Hudson. These lots were sold by the sheriff under said execution, at which sale J. M. E. Davis became the purchaser at the price of $1,200.00, being two-thirds of the appraised value of the property. He paid the cash and obtained from the sheriff a deed for the several lots. At the next term of the Breathitt circuit court, on motion duly made, the said sale was set aside because the lots levied on as the property of T. H.

Hudson and the one levied on as the property of Adam Hudson were sold jointly when they should have been appraised and sold separately.    In disposing of this matter the court entered the following order:  "The court is of the opinion and adjudges that the sale herein be quashed and the deed made under said sale be cancelled and held for naught.   Thereupon came J. M. E. Davis tendered and offered to file an amended petition and notice, to which the defendants objected, and said motion being submitted and the court advised, sustains said motion and said petition is permitted to be and is filed, to which the defendants excepted; and it appearing that the plaintiff J. M. E. Davis has paid the sum of $1,200.00 for said lots at said sale and that the judgment was satisfied, it is therefore adjudged by the court that the plaintiff be and is hereby subrogated to all the rights of the plaintiff in said execution, Breathitt county, and has a lien by reason of the levy of said execution on all the lots described in the notice, and an amended petition and notice, and the clerk of this court in issuing a *venditioni exponas* will endorse on the same that it is for the use and benefit of J. M. E. Davis, and so much of said return on said execution as shows that said execution is satisfied to the extent of $1,200.00 and interest from February 22, 1915, is set aside.   The deed made to J. M. E. Davis is cancelled and this cause is filed away."   Following this the clerk of the Breathitt circuit court, on application of the plaintiff, J. M. E. Davis, issued a *venditioni exponas* wherein it is recited that: "Whereas, execution No. 605 for the sum of four thousand nine hundred and fifty ($4,950.23) dollars and twenty-three cents, with six per cent interest thereon from the first day of January, 1914, and costs was issued from the office of the clerk of Breathitt circuit court on the 14th day of January, 1915, and was levied on the property hereinafter described as the property of T. H. Hudson; and, whereas, said property was sold on the 22nd day of February, 1915, after proper advertisement and appraisement, and, whereas, J. M. E. Davis became the purchaser at the cash price of twelve hundred ($1,200.00) dollars, which he paid to Matt Spencer, sheriff of Breathitt county; and, whereas, said sale was set aside by order of the Breathitt circuit court on the 9th day of November, 1915, and said J. M. E. Davis was adjudged a lien on said property for the said $1,200.00 with interest thereon from the 22nd day of February, 1915.

"You are commanded to expose for sale the said property to the value of $1,200.00 with interest from the 22nd day of February, 1915, to-wit:"

(Then follows the description of the property to be sold.)

"Which according to our commands remains in the hands of the sheriff of Breathitt county unsold as shown by the order of the Breathitt circuit court entered on the 9th day of November, 1917, in Order Book No. 18, page 297, to satisfy Breathitt county, the plaintiff in said execution, the sum of $1,200.00 with interest thereon from the 22nd day of February, 1915, whereof in the said Breathitt circuit court said Breathitt county recovered executions thereon against said T. H. Hudson, Adam Hudson and others by virtue of a judgment against them in said court, and that you have said sums of money before the judge of said court in Breathitt county, Kentucky, on the 16th day of June, 1919, to render the said plaintiff the debt, interest and cost aforesaid, and have then and there this writ."

On the said writ the clerk made the following indorsements:

"By order of the Breathitt circuit court this *venditioni exponas* is issued for the benefit of J. M. E. Davis, and all rights thereunder are transferred to said J. M. E. Davis." When this writ was, in May, 1919, placed in the hands of J. M. Roberts, then sheriff of Breathitt county, for execution and collection said sheriff, after causing the property to be duly appraised, its value being fixed at $1,800.00, advertised the same, and in pursuance thereto sold at public auction to the highest bidder the several lots belonging to T. H. Hudson and one lot belonging to Adam Hudson, in the city of Jackson, at which sale the plaintiff, J. M. E. Davis, became the purchaser for $1,305.00 the amount of his debt, interest and cost. At this sale the lots belonging to T. H. Hudson were appraised and sold separately from that of Adam Hudson. Following this sale and on May 26, 1919, Sheriff Roberts executed and delivered to the plaintiff, J. M. E. Davis, a deed for the several lots so sold. After obtaining his deed the plaintiff, J. M. E. Davis, on May 5, 1919, prepared and had served on T. H. Hudson and Adam Hudson a notice that he, plaintiff Davis, would on Tuesday, October 14, 1919, at motion hour, move the Breathitt circuit court to grant him a writ of possession

for the lots which he had bought at the sale and which were conveyed to him by the sheriff's deed. This notice was filed and noted of record in the Breathitt circuit court on the 14th of October, 1919, showing that it had been executed on T. H. Hudson and Adam Hudson on September 18, 1919. At the same time the plaintiff moved the court to docket the cause and to grant him a writ of possession for the lands described in the notice, and the motion was docketed and set for hearing. Thereupon came the defendants T. H. Hudson and Adam Hudson and entered a demurrer to the proceeding, and upon the hearing of this demurrer the court on the authority of Colyer, etc. v. Higgins, etc., 1st Duvall, page 6, sustained the same, and overruled the motion of plaintiff for a writ of possession, quashed the *venditioni exponas* under which the sale of the lots was made and cancelled the sheriff's deed to the plaintiff Davis. Plaintiff Davis at the time excepted and has prayed an appeal from that judgment to this court.

It is the contention of appellees, Hudson and Hudson, that no officer, except Sheriff Matt Spencer, who had in his hands and levied the original execution, could execute and carry out a sale of the property under the writ of *venditioni exponas* under which the sale was made by Sheriff Roberts, and this irregularity vitiated the whole proceeding and this is, as we are informed by brief of counsel, the ground upon which the trial court set aside the sale made under the writ and cancelled the sheriff's deed to appellant, J. M. E. Davis. This contention is apparently supported by the opinion of Colyer, etc. v. Higgins, *supra*, wherein it is stated that "according to the settled principles of the common law he who begins the execution of a writ of *fieri facias* must end it. A sheriff who levies upon property may sell it after the return day and after returning the execution, without a writ of *venditioni exponas*, and after he has gone out of office, and it is his duty to do so. (Cases cited.) And if he sells property he must convey it, though he may have gone out of office. . . . These principles, so far as they apply to the question under consideration, do not appear to have been changed by statute." This opinion was written by Judge Bullitt for this court and delivered in December, 1863, but the controversy which it settled arose in 1852. At that time there was no statute allowing the plaintiff, or one subrogated to the rights of the execution plaintiff,

to withdraw an execution or *venditioni exponas* from the hands of a sheriff or his deputies and place it in the hands of another officer for execution. Acts 1861, 1862 and 1863, p. 558. But in the year 1863 there was an act passed conferring upon the plaintiff this right and power. Since that time this law has been embraced in all of the statutes up to and including Carroll's 1922 edition, being the latter part of section 4575 of said last edition. From this statute it clearly appears that the common law rule as stated in Colyers, etc., v. Higgins, *supra,* has been changed, and that the appellant, J. M. E. Davis had the right to place the new *venditioni exponas,* issued by the clerk of the Breathitt circuit court, in the hands of Roberts, the then sheriff of Breathitt county, and when he did so the said Roberts as sheriff had all the powers and rights under the said writ which Matt Spencer, former sheriff of Breathitt county, would have had if it had come to his hands in due course. It is further insisted by appellees that the judgment of the Breathitt circuit court, entered November 9, 1917, which adjudged Davis subrogated to all the rights of plaintiff, Breathitt county, in and under said execution which Davis had paid and which judgment ordered a *venditioni exponas* in his behalf, was *ex parte* and, therefore, void in so far as it undertook to confer upon Davis the right to have said writ issued in his behalf. That judgment is the same which on their motion granted appellees relief from the first sale and restored to them the property now in controversy. It recited that appellees were then and there before the court and that the appellant Davis tendered and offered to file an amended petition which was allowed over their objection, and that it was then made to appear to the court that Davis had paid the sum of $1,200.00 for said lots at the sale and that the county was satisfied thereby; that Davis was subrogated to the rights of the county under the execution. Appellees did not object or except to said judgment so far as the record shows, nor did they appeal therefrom. The judgment from which this appeal is prosecuted is a later one entered by the Breathitt circuit court on January 29, 1920, more than two years after the entry of the first judgment of which that complaint is made.

While the execution plaintiff may, when the sheriff resigns, dies or vacates his office, withdraw an execution or writ of *venditioni exponas* from his hands, or that of

his deputies, and place it in the hands of another officer possessing authority to execute it, he must pay to the former such fees for services rendered by said officer up to that time as are allowed by law. This last provision about payment of fees, however, concerns that official only, and does not in any way affect the validity of the writ after it is withdrawn and delivered to another officer or is delivered in the first instance, as in this case, to another officer. In cases where the sale is set aside for any reason not affecting the validity of the execution, the lien created by the levy of the execution is not destroyed under subsection 4 of section 1710, Kentucky Statutes, which reads: "But whenever a sale under execution shall be quashed, vacated or set aside, for any cause, not affecting the validity of the execution, said sale, quashal, vacation or setting aside shall in nowise destroy or affect the lien created by the execution of the levy thereunder, but the same shall remain in full force and virtue, and a *venditioni exponas* may be issued on said levy and the property sold." This section fully authorized the proceedings had in the Breathitt circuit court after the first sale under the execution was set aside. While a suit in equity might have been instituted as provided by section 1710, Kentucky Statutes, the same result was obtainable by motion. The plaintiff in the execution has the option of proceeding in either way. As Davis had in the judgment of November 9, 1917, been in effect, through subrogation, adjudged entitled to recover of appellees, T. H. Hudson and Adam Hudson, the sum of $1,200.00 and in that proceeding was made plaintiff and was adjudged the right to a writ of *venditioni exponas,* we are unable to perceive any irregularity in the proceedings then and thereafter had in the Breathitt circuit court, which was in anywise prejudicial to the substantial rights of the appellee.

For the foregoing reasons the judgment is reversed with directions to the lower court to set aside its judgment of January 29, 1920, sustaining the demurrer to the proceeding for a writ of possession, denying said writ and quashing the writ of *venditioni exponas,* setting aside the sale and cancelling the sheriff's deed to appellant Davis, and for proceedings consistent with this opinion.

Judgment reversed.